

**FILED**
July 21, 2021
ST-2018-CV-00780
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
**\*\*\*\*\*\*\***

|  |  |  |
|---|---|---|
| XO BISTRO, LLC, | ) | |
| | ) | CASE NO. ST-18-CV-780 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ACTION FOR BREACH OF |
| | ) | FIDUCIARY DUTY, ACTION TO |
| ANTHONY MERRILL & | ) | DETERMINE DISTRIBUTIONAL |
| WHITE STAR, LLC, | ) | INTEREST & ENFORCE PURCHASE |
| | ) | OF INTEREST, AND DERIVATIVE |
| Defendants. | ) | ACTION |
| | ) | |
| ANTHONY MERRILL & | ) | |
| WHITE STAR, LLC, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cite as 2021 VI Super 74U |
| | ) | |
| CINDY K. GALLANT, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**CHRISTOPHER ALLEN KROBLIN, Esq.**
**MARJORIE WHALEN, Esq.**
**SHARI D'ANDRADE, Esq.**
Royal Palms Professional Building, Suite 101
St. Thomas, V.I. 00802-6404
5001 Chandler's Wharf, Suite 10
*Attorneys for Plaintiff and Third-Party Defendant*

**ANDREW L. CAPDEVILLE, Esq.**
Law Offices of Andrew L. Capdeville P.C.
8000 Nisky Shopping Center, Suite 201
P.O. Box 6576
St. Thomas V.I. 00804-6576
*Attorney for Defendants and Third-Party Plaintiffs*

**CARTY, RENÉE GUMBS,** Judge

## MEMORANDUM OPINION

¶1. **BEFORE THE COURT** is Third-Party Defendant's "Motion for Judgment on the Pleadings & Incorporated Memorandum of Law" filed by Cindy Gallant ("Gallant") on November 19, 2020. Defendants/Third-Party Plaintiffs Anthony Merrill & White Star, LLC (collectively "White Star") filed their "Opposition to Third-Party Defendant Gallant's Motion for Judgment on

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

the Pleadings" on December 17, 2020. Gallant filed her "Reply in Support of Motion for Judgment on the Pleadings" on January 11, 2021. For the following reasons, the motion will be denied.

## I. FACTUAL BACKGROUND

¶2.     Plaintiff XO Bistro, LLC ("Plaintiff" or "XO Bistro") is a limited liability company with two members, Cindy Gallant and White Star, LLC. Anthony Merrill ("Merrill") is the sole member and manager of White Star, LLC. Gallant is the sole manager and holds a seventy percent (70%) interest in XO Bistro, while White Star holds an interest of thirty percent (30%). On December 7, 2018, XO Bistro filed its Complaint alleging that Merrill wrote checks and withdrew funds from XO Bistro's operating account for personal use in violation of XO Bistro's Operating Agreement. Plaintiff further alleged that Merrill stole cash from XO Bistro's restaurant and bar over the years.

¶3.     Consequently, Gallant instituted the following measures: (1.) revoked Merrill's right to access XO Bistro's operating account, (2.) informed the bank that Gallant revoked Merrill's right of access to the account and requested the bank remove Merrill as a signatory on all accounts held by XO Bistro, (3.) notified Merrill, through counsel, that Merrill was removed as a signatory on XO Bistro's operating account and that any authority Merrill had to act on behalf of XO Bistro was revoked, and (4.) directed Merrill not to enter XO Bistro's premises at any time for any reason and not to contact XO Bistro employees, vendors, or Gallant directly. XO Bistro's Complaint sets forth three counts: Judicial Expulsion, Breach of Fiduciary Obligations, and Conversion.

¶4.     On January 31, 2019, White Star filed their "Answer and Third-Party Complaint," with seven counts, consisting of: Oppression, Breach of Fiduciary Duty, Breach of Contract, Conversion, Debt, Fraud, and Judicial Determination. White Star alleges Gallant acted to forcibly remove White Star from membership by making specious, hostile, and unsubstantiated claims against White Star,

2

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

blocking White Star's access to the operating account, and not allowing Merrill on the premises. Merrill further contends that Gallant withheld his deferred salary.

¶5.    In her motion for judgment on the pleadings, Gallant sets forth two arguments: first, White Star's fraud claim should be dismissed because it is insufficiently pleaded as a matter of law and lacks the requisite element of justifiable reliance for fraudulent misrepresentation and second, White Star's conversion and fraud claims should be barred by the gist of the action doctrine. In their response, White Star argues fraud was pleaded with sufficient particularity and the gist of the action doctrine does not bar tort claims that are separate and distinct from breach of contract claims.

## II. LEGAL DISCUSSION

### A. Standard for Analyzing a Motion for Judgment on the Pleadings.

¶6.    Virgin Islands Rules of Civil Procedure, Rule 12(c), provides that a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. *See also Bruni v. Alger*, 71 V.I. 71, 75 (Super. Ct. 2019). A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Id.* "[T]he court is foreclosed from considering evidence from any source outside of the pleadings and the exhibits attached to the pleadings in determining whether it was proper to grant a motion for judgment on the pleadings." *Castillo v. St. Croix Basic Servs., Inc.*, 67 V.I. 26, 30 (Super. Ct. 2016). "By moving for judgment on the pleadings, the moving party says to the court that the claim itself fails, not because the facts alleged in support are inadequate or deficient, but because the cause of action is not viable." *Bruni*, at 75 (citing *Willie v. Amerada Hess Corp.*, 66 V.I. 23, 40 (Super. Ct. 2017).

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

¶7.     In a Rule 12(c) motion, as in a Rule 12(b)(6) motion, the courts ask not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence in support of the claims. *Pedro v. Ranger Am. of the V.I., Inc.*, 70 V.I. 251, 264 (Super. Ct. 2019) (quoting *Raymond v. Assefa*, No. ST-15-CV-185, 2017 V.I. LEXIS 153, at *3 (Super. Ct. Nov. 8, 2017)). The decision whether a plaintiff is entitled to offer evidence in support of his claims is made with the moving party, "conced[ing] the accuracy of the factual allegations in his adversary's pleadings while not admitting other assertions in the opposing party's pleadings that constitute conclusions of law." *Pedro*, at 264. The court must then view the facts alleged in the pleadings and the inferences to be drawn from these facts, in the light most favorable to the plaintiff. *Id.* The Court now addresses each of Gallant's arguments put forth in her motion for judgment on the pleadings.

### B. White Star has Not Sufficiently Pleaded Fraud Because the Allegations Lack Particularity but are Granted Leave to Amend Their Third-Party Complaint.

#### i.     *White Star's Claim for Fraud Lacks Particularity.*

¶8.     White Star fails to meet the requirements of Virgin Islands Rule of Civil Procedure 9(b). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." V.I.R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* Rule 9(f) further proscribes, "an allegation of time or place should be pled where such facts are material to a claim." White Star generally alleges Gallant made fraudulent statements. Courts ask that plaintiffs plead details such as time, place, content of the misrepresentations, and the impact of said misrepresentations. *James v. Mosler*, No. SX-2005-CV-00356, 2021 V.I. LEXIS 25, at *8 (Super. Ct. May 24, 2021) (quoting *Antoine v. U.S. Bank Nat'l Ass'n*, 547 F. Supp. 2d 30, 35 (D.D.C. 2008)).

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

¶9.    In Count VI, Fraud, White Star alleges Gallant made fraudulent misrepresentations "as a stratagem to limit, restrict, and remove [Merrill and White Star] without cause and without just compensation." Specifically, White Star also alleges "[Gallant] . . . made specious and uncorroborated accusations of embezzlement and misappropriation on the part of [Merrill and White Star]," and Gallant "made these accusations intentionally, without cause and without regard to the harm such accusations would have on [Merrill and White Star]."

¶10.    As an aside, the accusation of embezzlement is a serious matter. The Virgin Islands Code defines embezzlement as "the fraudulent appropriation of property by a person to whom it has been entrusted." V.I. CODE ANN. tit. 14, § 1087. Although the bare allegation of embezzlement is not sufficient to meet the "particularity" requirement of Rule 9(b), the accusation itself may harm White Star's reputation if false. If Gallant made "uncorroborated accusations of embezzlement and misappropriation" about White Star to employees, agents, and third parties, White Star may have a cause of action for slander. *See generally Guardian Ins. Co. v. Estate of Knight-David*, No. ST-08-CV-189, 2017 V.I. LEXIS 103, at *4 (Super. Ct. Apr. 7, 2017) (statements about plaintiff stealing money from defendant made to others could support a claim for slander). Notwithstanding the gravity of the accusation of embezzlement, White Star's Third-Party Complaint still must meet the level required of Rule 9(b).

¶11.    From the Third-Party Complaint, it is unknown as to when, where, or how Gallant made these "specious and uncorroborated accusations." The allegations are vague and do not specify the time, place, or content of the fraudulent misrepresentations. In their opposition motion, White Star further supports their allegation by stating, "[Gallant] knowingly entered into the XO Bistro Operating Agreement with bad faith and with the intention to defraud [Merrill and White Star] of their interest in and access to the subject business enterprise." In the same paragraph, White Star

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

alleges Gallant fraudulently induced White Star's reliance and trust, "along with investment capital and business acumen," before ousting White Star. In tandem with the allegations in the Complaint, these statements suggest White Star believes Gallant made fraudulent misrepresentations *ab initio* to induce White Star into joining Gallant in the business venture. If so, White Star has a viable cause of action against Gallant for fraudulent misrepresentation. *Pollara v. Chateau St. Croix, LLC,* 58 V.I. 455, 471 (2013) (providing the requirements to succeed on a claim of fraudulent misrepresentation).[1] However, the present allegations in the Third-Party Complaint do not meet the requirements of Virgin Islands Rule of Civil Procedure 9(b). But this Court will provide White Star the opportunity to amend their Third-Party Complaint.

ii. *White Star is Granted Leave to Amend Their Third-Party Complaint in Compliance with Virgin Islands Rule of Civil Procedure 9(b).*

¶12. Although White Star failed to meet the heightened pleading standard, the Court has the discretion to grant leave to amend a pleading *sua sponte*. Under Rule 15(a) of the Virgin Islands Rules of Civil Procedure, "courts should freely grant leave to amend a complaint, 'when justice so requires.'" *Adams v. N. W. Co. (Int'l), Inc.,* 63 V.I. 427, 452 (Super. Ct. 2015); V.I.R. Civ. P. 15(a)(3). Grounds to deny leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility. *Hartzog v. United Corp.,* No. SX-04-CV-095, 2011 V.I. LEXIS 95, at *3 (Super. Ct. Sep. 7, 2011); *see also Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000). A court may grant leave to amend a pleading *sua sponte. Est. of Burnett v. Kazi Foods of the Virgin Islands,* 69 V.I. 50, 58 (Super. Ct. 2016) (granting, *sua sponte,* leave to amend a complaint to comply with the jurisdictional prerequisites of the ADA). *See also, Turnbull v. Parris,* No. SX-15-CV-343, 2016 V.I.

---

[1] "To succeed on a claim of fraudulent misrepresentation one must prove that the maker of the contract "intends his assertion to induce a party to manifest his assent and the maker (a) knows or believes that the assertion is not in accord with the facts, or (b) does not have the confidence that he states or implies in the truth of the assertion, or (c) knows that he does not have the basis that he states or implies for the assertion." Restatement (Second) Contracts § 162 (1981).

6

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

LEXIS 185, at *1 (Super. Ct. Nov. 3, 2016) (granting, *sua sponte*, plaintiff leave to amend their complaint to address deficiency.).

¶13. There exists a long-standing, sound, judicial policy of resolving civil litigation on the merits as opposed to disposition for technicalities. *Morton v. Mapp*, No. ST-16-MC-056, 2018 V.I. LEXIS 148, at *3 (Super. Ct. Apr. 4, 2018). This Court believes granting White Star leave to amend their Third-Party Complaint to come into compliance with Rule 9(b) is in the spirit with Rule 15(a)(3). Notwithstanding the fact that leave has been granted, the Court continues to determine if a definitive decision can be made.

### iii. Fraudulent Misrepresentation as a Rule in the Virgin Islands.

¶14. The most recent cases in the Virgin Islands establish fraudulent misrepresentation as: "one who makes a misrepresentation of fact, opinion, intention, or law that he or she either knew or had reason to know was false, and that was made for the purpose of inducing another to act or refrain from acting on it, is subject to liability to the other for pecuniary loss caused by the other's justifiable reliance on the misrepresentation." *Merchants Commercial Bank v. Oceanside Village, Inc.*, 64 V.I. 3, 21 (V.I. Super. Ct. Dec. 18, 2015). The Supreme Court of the Virgin Islands adopted the definition of fraudulent misrepresentation from the Restatement (Second) of Contracts, Section 162, stating, "Restatements of the Law may apply to the Virgin Islands through 1 V.I.C. § 4 subject to the authority of this court . . . to shape the common law of the Territory." *Pollara v. Chateau St. Croix, LLC*, 58 V I. 455, 471 (V.I 2013). Later, the court in *Isaac v. Crichlow*, 63 V.I. 38, 61 (Super. Ct. 2015), faced with a similar issue but in tort law, adopted the definition of fraudulent misrepresentation from the Restatement (Second) of Torts, Section 525.

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

¶15.     The court in *Merchants Commercial Bank* recognized that the Virgin Islands' earlier treatment of fraudulent misrepresentation predated the *Banks* analysis[3] mandated by the Supreme Court of the Virgin Islands when facing a novel issue. Reviewing the Restatement's definition adopted by earlier courts, the *Merchants Commercial Bank* court observed the definition of fraudulent misrepresentation by itself was circular and modified the definition.[4] *Id.* at 21-22. This definition was further supported and used in *Arvidson v. Buchar*, 71 V.I. 277, 357 (V.I. Super. Ct. Sept. 10, 2019), *cert. denied*, 72 V.I. 50 (Super. Ct. 2019); ("[t]his Court agrees with its methodology, reasoning, and conclusions and adopts the *Merchants Commercial Bank* court's imprimatur of the . . . rule defining tortious fraudulent misrepresentation[.]").

¶16.     The *Arvidson* court further condensed the *Merchants Commercial Bank* rule to six elements: "(1.) a misrepresentation; (2.) the defendant's knowledge or reason to know the misrepresentation was false; (3.) the defendant's making the misrepresentation for the purpose of inducing another to act or to refrain from acting; (4.) the plaintiff's justifiable reliance upon the misrepresentation; and (5.) the pecuniary loss or injury (6.) caused by justifiably relying upon the misrepresentation." *Id.* at 358. These elements from *Arvidson* explicitly state what a plaintiff needs to succeed on a claim for fraudulent misrepresentation. Hence, the Court will analyze White Star's claims to determine if White Star alleges the essential elements in their pleadings.

---

[3] "In addressing issues of Virgin Islands common law, this Court—and courts addressing issues of Virgin Islands common law that this Court has yet to address—must engage in a three-factor analysis: first examining which common law rule Virgin Islands courts have applied in the past; next identifying the rule adopted by a majority of courts of other jurisdictions; and then finally—but most importantly—determining which common law rule is soundest for the Virgin Islands."*Better Bldg. Maint. of the Virgin Islands, Inc. v. Lee*, 60 V.I. 740, 757 (2014) (citing *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (2011)).

[4] "One who makes a misrepresentation of fact, opinion, intention, or law that he or she either knew or had reason to know was false, and that was made for the purpose of inducing another to act or refrain from acting on it, is subject to liability to the other for pecuniary loss caused by the other's justifiable reliance on the misrepresentation." *Merchants Commercial Bank v. Oceanside Village, Inc.*, 64 V.I. 3, 21-22 (V.I. Super. Ct. Dec. 18, 2015)

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

iv.  *White Star's Fraud Claim Implies Fraudulent Inducement to Enter Into Business With Gallant to White Star's Detriment.*

¶17.  Although not specified in the Third-Party Complaint, White Star, in their responsive motion, raised the issue of fraud by inducement. According to the pleadings, White Star first became involved in XO Bistro through a transfer of ownership in 2005. In 2008, Gallant drew a weekly salary from the business, whereas White Star deferred its weekly salary. In 2012, Gallant and White Star entered into an amended Operating Agreement. It is not clear as to when White Star invested hundreds of thousands of dollars into the business or the nature of the relationship of the parties between 2005 and 2012. However, White Star further contends its business acumen, investment capital, and diligent efforts allowed XO Bistro to succeed and prosper. Provided the aforementioned facts are true, one can surmise White Star relied on Gallant's representations to him as it demonstrates there was a serious, developed, long-standing business relationship between White Star and Gallant.

¶18.  As a rule, under fraudulent inducement, White Star must show Gallant's misrepresentations were made for the purpose of inducing another to act, or refrain from acting, on such misrepresentations, thereby subjecting Gallant to liability to White Star for pecuniary loss caused by White Star's justifiable reliance on her misrepresentations. *See Merchants Com. Bank* at 21-22. Although White Star has not set forth a specific statement made by Gallant to conclusively demonstrate White Star justifiably relied on said statement(s), resulting in Merrill contributing money, time, and business acumen to XO Bistro, the Court believes justifiable reliance is certainly implied throughout the pleadings because White Star eventually went into business with Gallant for an extended period of time.

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

¶19. From these alleged misrepresentations, White Star invested money, time, and business knowledge into the company and even opted out of collecting a weekly salary. These facts indicate White Star justifiably relied on Gallant's statements and/or her conduct in concluding that Gallant was an honest business member. Hence, White Star's claim of Gallant fraudulently inducing White Star into signing the amended Operating Agreement with the intention of eventually ousting White Star from the business. For these reasons, the Court finds White Star's allegation of fraudulent inducement survives the motion. We now analyze fraudulent misrepresentation regarding Gallant's alleged statements to third parties.

> v. *White Star Has a Cause of Action for Fraudulent Misrepresentation Regarding Gallant's Statements to Third Parties Because White Star was Harmed as a Result of Gallant's Alleged Misrepresentations.*

¶20. White Star's claim for fraudulent misrepresentation also succeeds here because White Star demonstrated the harm it suffered stemming from Gallant's alleged misrepresentations. Although the Virgin Islands Supreme Court has not addressed the issue of fraudulent misrepresentation involving a third party, the Supreme Court of the United States and other jurisdictions have addressed this cause of action.

¶21. The Supreme Court of the United States holds fraudulent misrepresentation can cause legal injury to those who may not have necessarily relied on said misrepresentations. *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 656 (2008). Justice Thomas cites to the Restatement (Second) of Torts, stating, "[o]ne who intentionally causes injury to another is subject to liability to the other for that injury, if his conduct is generally culpable and not justifiable under the circumstances." *Id.*, § 870. The Restatement articulates a cause of action in favor of an injured party where the defendant "defrauds another for the purpose of causing pecuniary harm to a third person. *Id.*, § 435A, Comment A. In *Bridge*, petitioner and respondents participated in Chicago's local tax sale where

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

the county sells tax liens on delinquent taxpayers' properties. *Id.* at 642. If two people bid the same amount, the county allocates the parcels on a rotational basis. *Id.* To promote equality and fairness, the county adopted a rule where only one person or entity could bid on one property at a time. *Id.* at 643. When the petitioner colluded with others to bid on his behalf, respondents brought a Racketeering Influenced and Corrupt Organizations (RICO) claim predicated on mail fraud. *Id.* at 642. The Supreme Court rejected petitioner's argument that reliance by the plaintiff was a necessary element and held, "there is no general common-law principle holding that a fraudulent misrepresentation can cause legal injury only to those who rely on it. *Id.* at 656.

*Banks Analysis with Respect to Third Parties.*

¶22.    As stated, the Virgin Islands Supreme Court has not established the rule of law governing fraudulent misrepresentations to third parties. Therefore, this Court must undertake the three-part analysis set forth in *Banks* to determine the soundest rule of law for the Virgin Islands. The first step in conducting a *Banks* analysis is to determine whether any Virgin Islands courts have previously adopted a particular rule. This Court notes the absence of any specific law within the jurisdiction regarding third-party reliance in fraud cases. The second factor under *Banks* is analyzing approaches taken by other jurisdictions. Considering the second factor, only nineteen (19) jurisdictions have ruled on this issue of fraudulent misrepresentation to a third party that results in harm to the plaintiff. Of the nineteen (19), seven (7) states including Illinois, Kansas, Maryland, Massachusetts, New York, North Carolina, and Rhode Island recognize third-party reliance in cases where defendant has made a statement to a third party, who relies on that statement to the detriment of the plaintiff. Eleven (11) states, Alabama, Arizona, California, Delaware, Florida, Georgia, Louisiana, Nebraska, New Jersey, Ohio, Vermont, and Washington, D.C., have ruled that third-party reliance does not satisfy the element of reliance in fraudulent misrepresentation. In a similar

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

vein of Gallant's interpretation, all fifty states and Washington, D.C. have ruled where a plaintiff is induced to act from the fraudulent misrepresentation justifiably relied upon by third parties. However, White Star's claim is distinguishable because White Star did not justifiably rely on Gallant's alleged misrepresentations made to third parties nor was White Star induced to act from the alleged misrepresentations Gallant made to third parties. Here, White Star claims he was harmed as a direct result of third parties' justifiable reliance upon Gallant's fraudulent misrepresentations.

¶23.    The eleven states that do not recognize fraudulent misrepresentation in cases where a third party relies on misrepresentations made by the defendant either hold direct reliance by the plaintiff is necessary for a claim of fraudulent misrepresentation or hold direct reliance by the plaintiff is not necessary for a claim of fraudulent misrepresentation but only under limited circumstances. For example, courts in Arizona and New Jersey limit *Bridge*'s holding of not requiring justifiable reliance by the plaintiff to suffer a legal injury to RICO claims. *See Martinelli v. Petland*, Inc., 274 F.R.D. 658, 664 (D. Ariz. 2011); *Tonkinson v. Byrd*, 2018 U.S. Dist. LEXIS 68555 at *14 (D.N.J. Apr. 24, 2018). States such as Alabama, Delaware, Florida, Georgia, Louisiana, Nebraska, and Vermont preserve the requirement of the plaintiff directly hearing the misrepresentation from the third party or the plaintiff having to justifiably rely on the misrepresentation. *See Ex parte Daimler Chrysler Corp.*, 952 So. 2d 1082, 1091 (Ala. 2006); *Jordan v. Mirra*, Civil Action No. 14-1485-GAM, 2017 U.S. Dist. LEXIS 149034, at *31 (D. Del. Sep. 14, 2017); *Platinum Props. Inv'r Network, Inc. v. Sells*, 2019 U.S. Dist. LEXIS 141577, at *7 (S.D. Fla. Aug. 21, 2019); *UWork.com, Inc. v. Paragon Techs., Inc.*, 321 Ga. App. 584, 599 (2013); *Barrie v. V.P. Exterminators*, 625 So. 2d 1007, 1014 (La. 1993); *Knights of Columbus Council 3152 v. KFS Bd, Inc.*, 280 Neb. 904, 926 (2010); *Glassford v. Dufresne & Assocs., P.C.*, 2015 VT 77, ¶ 22. Historically, New York found an action for fraud for damages resulting from the reliance of a third party, but has since created more

12

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

specific, pointed causes of actions for different types of fraudulent conduct. *See Mid Atlantic Framing, LLC v. Varish Constr., Inc.*, 117 F. Supp. 3d 145, 154 (N.D.N.Y. 2015) (finding the facts of a case from the late nineteenth century decided as common-law-fraud would now be considered tortious interference). The eleven states and the District of Columbia stay true to the Restatement (Second) of Torts definition of fraudulent misrepresentation and requires the plaintiff themselves to justifiably rely on the misrepresentation to their detriment. § 525. This is a narrow interpretation of the Restatement that excludes intentionally harmful conduct such as the alleged conduct in this case.

¶24.    Conversely, the seven states that recognize fraudulent misrepresentation in cases where a third party relies on misrepresentations made by the defendant which harms the plaintiff analyze the foreseeability of the plaintiff's harm and determine if the defendant's conduct was the proximate cause of such harm. Illinois examines the relationship between the plaintiff and the defendant and extends a cause of action to the plaintiff who may lack privity with the defendant if the defendant knew the misrepresentation would be relied upon by a third party to the plaintiff's detriment. *Sassak v. City of Park Ridge*, 431 F. Supp. 2d 810, 818-19 (N.D. Ill. 2006). Similarly, Kansas provides a cause of action for fraudulent misrepresentation if the plaintiff relied on the misrepresentation "indirectly." *Hernandez v. Pistotnik*, 58 Kan. App. 2d 501, 513-14 (2020). Courts grappling with class action lawsuits or complex litigation expanded a plaintiff's standing to sue for fraud where the defendant fraudulently conceals information to a third party which harms the plaintiff. *See e.g., In re Neurontin Mktg.*, 618 F. Supp. 2d 96, 110, 111 (D. Mass. 2009) (pharmaceutical drug context); *State v. Purdue Pharma L.P.*, No. PC-2018-4555, 2019 R.I. Super. LEXIS 95, at *42 (Super. Ct. Aug. 16, 2019) (pharmaceutical drug context);*Univ. Sys. of N.H. v. United States Gypsum Co.*, 756 F. Supp. 640, 650 (D.N.H. 1991) (asbestos litigation context). These states recognize a plaintiff may suffer damages even when the plaintiff does not directly rely on the representations from the

13

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

defendant to a third party. Courts from these states broadened the definition of fraud to adapt to the modern reality of fraudulent behavior. *Bardes v. Mass. Mut. Life Ins. Co.*, 932 F. Supp. 2d 636, 640 (M.D.N.C. 2013) (citing *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974) "fraud has no all-embracing definition and is better left undefined lest crafty men find a way of committing fraud which avoids the definition."). By analyzing the foreseeability of the harm and whether the defendant was the proximate cause of plaintiff's harm instead of creating multiple definitions of fraudulent conduct with different factors or elements, this interpretation of fraudulent misrepresentation holds tortfeasors liable for their conduct in a sweeping rule that is applicable to fraudulent behavior. No other state or territory has ruled on this particular issue.

¶25.    Finally, pursuant to the third *Banks* factor, this Court considers the public policy rationale surrounding permitting or denying such a rule. This Court agrees with the minority approach of the seven states and holds that sound public policy would require those making misrepresentations to third parties, who then rely on those statements to the detriment of the plaintiff, can be held liable under fraudulent misrepresentation. As with other torts, a defendant should be held liable to those who may be foreseeably injured by their actions, particularly in those situations where it was intended to affect the plaintiff, and not only those a defendant speaks with. To hold otherwise would result in a legal lacuna and enable a tortfeasor to escape liability for their purposeful or reckless misrepresentations by simply using a third party as a conduit for their fraud. Particularly in the Virgin Islands, a relatively small community, where fraudulent misrepresentations against an individual may have the potential to tarnish their reputation and impede their efforts to earn a livelihood. The best approach for the Virgin Islands is to hold those who make misrepresentations to third parties to the detriment of the plaintiff liable.

14

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

¶26. In the context of fraudulent concealment, the same logic follows. The court in *In re Neurontin Mktg., Sales Pracs. & Prod. Liab. Litig.*, 618 F. Supp. 2d 96 (D. Mass. 2009), allowed plaintiffs injured by fraudulent concealment to sue the pharmaceutical manufacturers even where the plaintiffs did not directly rely on the fraudulent concealment. There, pharmaceutical drug consumers were injured by the manufacturer's fraudulent misrepresentations or omissions to the medical professionals prescribing the drugs. *Id.* at 110. Although the plaintiffs did not directly rely on misrepresentations made by the defendant, the court determined that plaintiffs and their decedents relied on the word of their physicians and held the manufacturers liable for fraudulent concealment. *Id.* at 113.

¶27. Illinois courts also recognized third-party reliance in negligent misrepresentation. For example, in *Sassak*, the plaintiffs allege that misrepresentations by one municipality's police office to another resulted in the negligent hiring of a police officer. In *Sassak*, the court stated that "an actionable misrepresentation claim does not require that the misrepresentation be made directly to the plaintiff," but ultimately decided that there was not a valid third-party reliance claim here. *Id.* at 818; *see also Rosenstein v. Standard & Poor's Corp.*, 364 Ill. App. 3d 818 (1993) (stating that the "tort of negligent misrepresentation extends to third parties who lack privity with the defendant where the 'defendant knew the information would be used and relied upon' and 'the potential liability was restricted to a comparatively small group.'")

¶28. Gallant argues fraudulent misrepresentation requires White Star to rely on the third-party misrepresentations. This notion contradicts a myriad of cases where courts have permitted "a plaintiff directly injured by fraudulent misrepresentations to recover even where it was the third

15

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

party, not the plaintiff, who relied on the fraudulent misrepresentations."[5] "Schemes of fraud may be . . . cunningly devised . . . but they must not escape condemnation." *Mid Atlantic Framing, LLC v. Varish Const., Inc.*, 117 F.Supp.3d 145, 154 (2015). Adopting Gallant's arguments would otherwise allow a tortfeasor to proclaim a fraudulent misrepresentation to a third party, causing injury to a plaintiff, while the tortfeasor escapes liability.

¶29.    Here, White Star asserts Gallant made "specious and uncorroborated accusations of embezzlement and misappropriation" to third parties which resulted in White Star's removal from XO Bistro, loss of deferred salary, and loss of distributional interest. While there is a well-settled body of law that supports Gallant's proposition, this Court cannot ignore White Star's interpretation because fraud is manifested in sometimes very sophisticated, duplicitous ways resulting in easy circumvention of liability. The Court finds that tortfeasors must be held accountable for the injuries said tortfeasors cause; and in this matter *sub judice*, elects White Star's interpretation as the appropriate standard when faced with fraudulent misrepresentation with respect to third parties. In sum, White Star has a cause of action for fraudulent misrepresentation against Gallant because of common-law precedent and § 525 of the Restatement (Second) of Torts which finds legal injury

---

[5] *See Rice v. Manley*, 66 N.Y. 82 (1876) (permitting plaintiffs who had arranged to buy a large quantity of cheese to recover against a defendant who induced the vendor to sell him the cheese by falsely representing to the vendor that plaintiffs no longer wished to purchase it); *Gregory v. Brooks*, 35 Conn. 437 (1868) (allowing plaintiff wharf owner to recover against a defendant who, in order to deprive plaintiff of business, misrepresented himself to be a superintendent of wharves and ordered a vessel unloading at plaintiff's wharf to leave); *Johnson v. Greer*, 477 F.2d 101, 107 (5th Cir. 1973) (listing factors such as: "the intention to commit a wrongful act, the degree of his moral wrong in so acting, and the seriousness of the harm intended" which should be considered when holding a defendant liable.); *Weaver v. Mobile Diagnostech, Inc.*, 2007 WL 1830712 (W.D. P.A. 2007) (recognizing the significance of the parties' fiduciary relationship saying, "it is clearly not logically impossible to be harmed by misrepresentations to a third party by whom plaintiff might otherwise be protected, the plaintiff's reliance should not be made a talisman."); *Prestige Builder & Management LLC v. Safeco Ins. Co. of America*, 896 F.Supp.2d 198, 203 (E.D. N.Y. 2012) (holding that "[w]hile the plaintiff alleging fraud must normally show that it reasonably relied upon a misrepresentation made by the defendant to its detriment, the doctrine of third-party reliance permits the plaintiff to show that a third-party relied upon a misrepresentation by the defendant, which resulted in injury to the plaintiff."); *Bardes v. Mass. Mut. Life Ins. Co.*, 932 F.Supp.2d 636, 640 (M.D.N.C. 2011) (holding that a company providing false W-2's to the government agency thus requiring the employee to owe money is sufficient to bring a claim for fraud.).

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

where a plaintiff is injured from the fraudulent misrepresentations made by defendant where a third

party, not the plaintiff, justifiably relied on the fraudulent misrepresentations.

### C. White Star's Claim for Fraud is Not Barred Under the Gist of The Action Doctrine Because the Fraud Claim Arises from Independent Actions Outside the Amended Operating Agreement.

¶30.    Gallant further puts forth that White Star's fraud claim is barred under the gist of the action

doctrine because the alleged action arises within the four corners of the amended Operating

Agreement. The Court disagrees. Although the Supreme Court of the Virgin Islands has not

determined whether the gist of the action doctrine is part of the Virgin Islands common law,

*Franken v. Sisneros*, No. ST-15-CV-88, 2016 V.I. LEXIS 248, at *9 (Super. Ct. Apr. 18, 2016),

conducted the three-pronged analysis per the Supreme Court's direction in *Banks* and determined

the gist of the action doctrine "serves to promote judicial efficiency by limiting extraneous tort

claims that are properly adjudicated as breach of contract claims." *Id.* at *11. However, "an

unbridled adoption of the gist of the action doctrine may not be the soundest choice for the Virgin

Islands." *Id.* The gist of the action doctrine prohibits tort recovery for contractual breaches. *V .I.*

*Port Auth. v. Callwood*, No. ST-11-CV-305, 2014 V.I. LEXIS 11, at *10. This doctrine

conceptualizes the innate difference between breach of contract claims and tort claims. *Id.* It

"applies to claims: (1.) arising solely from a contract between the parties; (2.) where the duties

allegedly breached were created and grounded in the contract itself; (3.) where liability stems from

a contract; or (4.) where the tort claim essentially duplicates a breach of contract claim or the

success of which is wholly dependent on the terms of the contract." *Pollara v. Chateau St. Croix,*

LLC, No. SX-06-CV-423, 2016 V.I. LEXIS 49, at *22 (Super. Ct. May 3, 2016).

¶31.    "As a practical matter, the doctrine precludes plaintiffs from recasting ordinary breach of

contract claims into tort claims." *V.I. Port Auth.*, at *3. Identifying whether an asserted duty arises

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

out of a contractual relationship or out of a duty generally imposed by society often remains a fact-intensive inquiry. *See Jefferson v. Bay Isles Assocs., L.L.L.P.*, 59 V.I. 31, 52 (Super. Ct. 2011) (refusing to apply the gist of the action doctrine on a motion to dismiss because discovery was likely to develop the record in an attempt to determine the origin of the asserted duty).

¶32.    Gallant argues White Star's request for their deferred salary, business loan, distributional interest, and right to claim, possess, and enjoy their interest in XO Bistro mirrors their breach of contract claim. In her motion, Gallant compares *Galt Cap., LLP v. Seykota*, No. CIV. 2002-134, 2007 WL 2126287 (D.V.I. July 18, 2007), *vacated in part*, No. CIV. 2002-134, 2007 WL 6027812 (D.V.I. Aug. 10, 2007) to this present matter. In *Galt Capital, LLP*, the plaintiff alleges the defendant intentionally misrepresented their compensation for their work in the business. *Id.* at *3. The court determined that the plaintiff's claim arose from a provision in their agreement distributing profits equally amongst partners. *Id.* at *4. The present case, however, is distinguishable. White Star not only alleges Gallant "deprived them of their membership interest . . . rights and deferred salary," but Gallant fraudulently induced White Star into business with her with the intention of ousting White Star in the future. Although Gallant argues White Star's breach of contract claim is "indistinguishably entwined" with the fraudulent inducement claim, this is incorrect.

¶33.    White Star posits their claim for fraud does not necessarily bar an allegation of fraud and conversion that stems from the same complaint. If a plaintiff can emphasize a separate or an independent event which gives rise to the tort, then the gist of the action doctrine shall not bar such an allegation. *Pollara*, at *10-11. So long as the harm is "separate and distinct" from the contract and the allegation can stand on its own, then the gist of the action doctrine does not prohibit the claim from being litigated. *Id.* at *16.

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

¶34. Applying the *Pollara* factors, there is nothing in the XO Bistro amended Operating Agreement which refers to White Star's cause of action. White Star's claim for fraud is not dependent on the contract. Instead, the claim for fraud is dependent on Gallant's alleged misrepresentations: misrepresentations to induce White Star into signing the amended Operating Agreement acting in reliance of Gallant's misrepresentations; and misrepresentations to employees, agents, and other third parties. This forms a separate cause of action, one that stands distinct from White Star's breach of contract claim. Therefore, this Court holds that White Star's claim for fraud is not barred under the gist of the action doctrine.

### D. White Star's Claim for Conversion is Partially Barred Under the Gist of the Action Doctrine.

> i. *Part of White Star's Conversion Claim is Barred by the Gist of the Action Doctrine Because it is Intertwined with the Breach of Contract Claim.*

¶35. Unlike the fraud claim, part of White Star's claim for conversion is entwined with their breach of contract claim and therefore barred under the gist of the action. Under Virgin Islands law, "conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Addie v. Kjaer*, 51 V.I. 463, 473 (D.V.I. Feb. 23, 2009). Gallant argues White Star's request for their deferred salary, business loan, distributional interest, and right to claim, possess, and enjoy their interest in XO Bistro mirrors their breach of contract claim. Contrary to this assertion, the conversion claim and breach of contract claim are not identical, but there are two paragraphs in White Star's conversion claim that overlap with their breach of contract claim.

¶36. In paragraphs fifty-six and fifty-seven, White Star alleges Gallant "failed or refused to tender" White Star's distributional interest and deferred salary. These two paragraphs are governed by XO Bistro's amended Operating Agreement in the section titled "allocations and distributions."

19

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

However, the remaining paragraphs of White Star's conversion claim remain independent from the Agreement. This Court elects to keep both Gallant's and White Star's conversion claims but bars the allegations in White Star's conversion claim which references distributional interest, business loan, and deferred salary. Although the gist of the action doctrine bars both paragraphs fifty-six and fifty-seven in White Star's Third-Party Complaint, this Court provides White Star an opportunity to amend their claim.

      *ii.    White Star is Granted Leave to Amend Count IV in Their Third-Party Complaint so that Their Allegation for Conversion is Not Barred by the Gist of the Action Doctrine.*

¶37.    With respect to Count IV, Conversion, White Star is granted leave to amend their Third-Party Complaint to correctly plead their claim. As mentioned *supra*, Virgin Islands courts are free to grant leave to amend a complaint, *sua sponte*, as long as there exists no undue delay, bad faith, dilatory motive, prejudice, or futility. *Hartzog*, at *3; *see also Shane* at 115; *Burnett* at 58. This Court insists that both Gallant and White Star's conversion claims persist on equal footing but recognizes that a portion of White Star's conversion claim is interlaced with their breach of contract claim.

¶38.    It is within the Court's authority to grant leave for White Star to amend their conversion claim as there exists no undue delay, bad faith, dilatory motive, prejudice, or futility. Therefore, White Star may amend their Third-Party Complaint for both the fraudulent misrepresentation made to third parties claim and the conversion claim to hold to the requirements of both Virgin Islands Rule of Civil Procedure 15(a)(3) and to survive the gist of the action doctrine, respectfully.

### III. CONCLUSION

¶39.    Although this Court finds that White Star's fraud claim has not been adequately pleaded, a judgment on the pleadings is not warranted. The Court grants White Star leave to amend their

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Memorandum Opinion

Cite as 2021 VI Super 74U

Third-Party Complaint in compliance with Virgin Islands Rule of Civil Procedure Rule 9(b). Additionally, paragraphs of the conversion claim embedded within their breach of contract claim may be amended or deleted. For the foregoing reasons, the Court will deny Gallant's motion for judgment on the pleadings and deny dismissal of Count IV, Conversion, and Count VI, Fraud. An Order of even date follows.

Dated: July 21, 2021

Renée Gumbs Carty
Judge of the Superior Court
of the Virgin Islands

ATTEST:
Tamara Charles
Clerk of the Court

By:
Donna D. Donovan
Court Clerk Supervisor 7/22/2021



IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
July 21, 2021
ST-2018-CV-00780
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
*******

| | | |
|---|---|---|
| XO BISTRO, LLC, | ) | |
| | ) | CASE NO. ST-18-CV-780 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ACTION FOR BREACH OF |
| | ) | FIDUCIARY DUTY, ACTION TO |
| ANTHONY MERRILL & | ) | DETERMINE DISTRIBUTIONAL |
| WHITE STAR, LLC, | ) | INTEREST & ENFORCE PURCHASE |
| | ) | OF INTEREST, AND DERIVATIVE |
| Defendants. | ) | ACTION |
| | ) | |
| ANTHONY MERRILL & | ) | |
| WHITE STAR, LLC, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cite as 2021 VI Super 74U |
| | ) | |
| CINDY K. GALLANT, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| | ) | |

## ORDER

The Court having issued a Memorandum Opinion on this date, it is hereby

**ORDERED** that Third-Party Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED** that Third-Party Plaintiffs Anthony Merrill and White Star, LLC, are **GRANTED LEAVE TO AMEND** their Third-Party Complaint to comply with Virgin Islands Rule of Civil Procedure 9(b) within twenty (20) days of the date of entry of this Order; and it is further

*XO Bistro, LLC v. Anthony Merrill & White Star, LLC /*
*Anthony Merrill & White Star, LLC v. Cindy K. Gallant*
Case No. ST-18-CV-780
Order

Cite as 2021 VI Super 74U

**ORDERED** that Third-Party Plaintiffs Anthony Merrill and White Star, LLC, are

**GRANTED LEAVE TO AMEND** paragraphs fifty-six and fifty-seven of their Third-Party

Complaint within twenty (20) days of the date of entry of this Order; and it is further

**ORDERED** that a copy of this Order and the accompanying Opinion shall be directed to

Christopher Allen Kroblin, Esquire and Andrew L. Capdeville, Esquire.

Dated: July 21, 2021

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Donna D. Donovan
Court Clerk Supervisor 7/22/2021

Renée Gumbs Carty
Judge of the Superior Court
of the Virgin Islands